**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RED CROWN FEDERAL CREDIT UNION,** a Nationally Federally Chartered Credit Union, | )<br>)<br>)<br>) |
| Plaintiff, | ) |
| vs. | )   No. 05-CV-335-TCK-PJC |
| **THE ST. PAUL FIRE AND MARINE INSURANCE CO.,** A Minnesota Corporation, | )<br>)<br>) |
| Defendant/Third Party Plaintiff, | )<br>) |
| vs. | ) |
| **STEVE COLE, JERRY FOWLER, and PENNY SHOOK,** | )<br>) |
| Third Party Defendants. | ) |

## ORDER

Before the Court is Red Crown Federal Credit Union's ("Red Crown") Motion to Dismiss (Doc. 101). For the reasons outlined below, Red Crown's Motion to Dismiss is GRANTED.

In August 2001, Defendant St. Paul Fire and Marine Insurance Co. ("St. Paul") issued to Red Crown a Credit Union Bond ("Bond"). This Bond provided coverage for loss due to, *inter alia*, employee dishonesty, failure of an employee to faithfully perform his/her duties, burglary or robbery, and forgery or alteration. Red Crown eventually made a claim pursuant to the Bond for dishonest loan practices by two of its employees and this claim served as the impetus for Red Crown's suit against St. Paul. The Court initially had jurisdiction over this claim because the amount in controversy exceeded $75,000, and Red Crown and St. Paul are diverse parties. *See* 28 U.S.C. §1332. St. Paul then filed a Third-Party Complaint against Red Crown employees Steve Cole, Jerry

Fowler, and Penny Shook for indemnity. Cole subsequently filed a claim against St. Paul, wherein he argued that St. Paul breached the Bond by its failure to defend Cole for claims being made against him as an employee and officer. Finally, Cole also filed a cross-claim against Red Crown for indemnification and breach of contract. As of the date of this order, Red Crown has settled its claims with St. Paul, and the only remaining claims are those asserted by Cole against Red Crown. Red Crown moves to dismiss these claims, arguing that the Court should decline to exercise supplemental jurisdiction.

As noted by Red Crown, diversity jurisdiction no longer exists in this case because Red Crown and Cole are both citizens of the State of Oklahoma. *See* 28 U.S.C. 1332(a). Accordingly, in order for this Court to retain jurisdiction over Cole's remaining claims, the court must exercise supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim . . . if
>
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims which the district has original jurisdiction,
> (3) **the district court has dismissed all claims over which it has original jurisdiction**, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added). Accordingly, because the claims over which the Court had original jurisdiction have been dismissed, the Court has discretion to decline to exercise supplemental jurisdiction over Cole's remaining claims against Red Crown.

Relevant considerations in deciding whether to decline to exercise supplemental jurisdiction include judicial economy, convenience, fairness, and comity. *Whisenant v. First Nat'l Bank & Trust Co.*, 258 F. Supp. 2d 1312, 1317 (N.D. Okla. 2003). After considering such factors, the Court

dismisses without prejudice Cole's remaining state claims against Red Crown. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (when federal claims are dismissed prior to trial, the balance of factors will usually point towards declining jurisdiction over state law claims); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990) (notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary); *Medina v. City of Osawatomie*, 992 F.Supp. 1269, 1279 (D. Kan. 1998) (whether to exercise supplemental jurisdiction over remaining state claims is within the district court's discretion, and the court is expressly authorized to decline to exercise such jurisdiction once the court dismisses all federal claims, under 28 U.S.C. § 1367(c)(3)).

Red Crown's Motion to Dismiss (Doc. 101) is therefore GRANTED and Cole's claims against Red Crown are dismissed without prejudice. Because Cole's claims are the only claims remaining, this Order terminates the case.

**ORDERED this 8th day of May, 2007.**

**TERENCE C. KERN,
UNITED STATES DISTRICT JUDGE**